Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 2784 | **DATE** | 7/9/2004 |
| **CASE TITLE** | Rodrigo Lozano vs. Kay Manufacturing Company | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion to dismiss (5-1) is granted. Ruling date on said motion to dismiss of 8/5/04 is stricken. Plaintiff's intentional infliction of emotional distress claim grounded in disability discrimination, which is preempted by the Illinois Human Rights Act, is dismissed for lack of jurisdiction. The remaining claims are dismissed with leave to amend. Plaintiff has to 7/30/04 to file an amended complaint, if he can do so and remain in compliance with Rule 11. Status hearing previously set for 8/5/04 at 11:00 a.m. stands.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 1 2 2004 | |
| | Notified counsel by telephone. | | date docketed | 10 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | | |
| CW | courtroom deputy's initials | 2004 JUL -9 PM 4:47 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RODRIGO LOZANO, )
)
Plaintiff, )
)
v. ) No. 04 C 2784
) Paul E. Plunkett, Senior Judge
KAY MANUFACTURING )
COMPANY, )
)
Defendant. )

DOCKETED
JUL 1 2 2004

## MEMORANDUM OPINION AND ORDER

Rodrigo Lozano has sued Kay Manufacturing Company for its alleged violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq. and state law. Kay has filed a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss all of the claims asserted against it. For the reasons set forth below, the motion is granted.

### Facts

In February 1999, plaintiff started to work for Kay as a machinist, operating machines that modify metal pieces according to customer specifications. (Compl. ¶¶ 3, 5.) Plaintiff's job required him to insert metal parts into the clamp or "chuck" of a machine and tighten the chuck around the parts. (Id. ¶ 5.) Plaintiff worked on both manual and automatic chuckers, which differ only in the amount of force the machinist is required to exert to operate them. (Id. ¶ 6.) As the name implies,



the automatic chuckers require far less manual grasping and applied force than do the manual chuckers. (Id.)

At some point, plaintiff developed ulnar neuropathy in his right hand, which made it difficult for him to operate the manual chuckers and to meet Kay's production standards. (Id. ¶¶ 7, 9.) Plaintiff told Kay about his medical condition and asked that he be allowed to work exclusively on the automatic machines. (Id. ¶¶ 7, 8.) Kay refused his request, failed to offer him medical leave and terminated him for failing to meet its production standards. (Id. ¶¶ 8, 10-11.)

### The Legal Standard

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. Midwest Grinding Co. v. Spitz, 976 F.2d 1016, 1019 (7th Cir. 1992). No claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

### Discussion

In Count I of his complaint, plaintiff alleges that Kay terminated him in violation of the ADA. That statute makes filing a charge of discrimination with the EEOC and receiving a right to sue letter from it prerequisites to filing suit. See 42 U.S.C. § 12117 (stating that "[t]he . . . procedures" applicable to Title VII claims apply to ADA claims); Rush v. McDonald's Corp., 966 F.2d 1104, 1110 (7th Cir. 1992) (noting that filing a timely EEOC charge and receiving a right to sue

letter are prerequisites to Title VII suit). Plaintiff does not allege that he satisfied either of those requirements. Thus, his ADA claim must be dismissed.

In the second count of his complaint, plaintiff alleges that Kay violated the FMLA. That statute entitles an eligible employee to up to twelve workweeks of leave if, among other reasons, "a serious health condition . . . makes the employee unable to perform the functions of [his] position." 29 U.S.C. § 2612(a)(1)(D). To state an FMLA claim, plaintiff must allege that: (1) he is an eligible employee, i.e, that he was employed for at least twelve months by Kay and worked at least 1,250 hours for Kay during the twelve-month period preceding his leave request (29 U.S.C. §§ 2611(2), 2612(a)(1)); (2) Kay is an employer covered by the statute, i.e., that Kay is "engaged in . . . an[] industry or activity affecting commerce [and] employ[ed] 50 or more employees for each working day during each of twenty or more calendar workweeks in the current or preceding calendar year" (29 U.S.C. § 2611(4)); (3) he was entitled to leave because he had "a serious health condition that ma[de] [him] unable to perform the functions of [his] position" (29 U.S.C. § 2612(a)(1)(D)); and (4) Kay was aware of his need for leave but refused to provide it (29 U.S.C. § 2615(a)(1); 29 C.F.R. §§ 825.302-03.). Plaintiff has not alleged any of these elements. Consequently, his FMLA claim must be dismissed.

In the last count of his complaint, plaintiff alleges that Kay's actions constitute intentional infliction of emotional distress ("IIED") under Illinois law. To the extent plaintiff's IIED claim is grounded in Kay's alleged disability discrimination, it is preempted by the Illinois Human Rights Act ("IHRA"), which vests the Illinois Human Rights Commission with exclusive jurisdiction over "alleged civil rights violation[s]." 775 ILL. COMP. STAT. 5/8-111(C) ("No court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this

Act."). An employer commits a civil rights violation when, among other things, it discharges an employee "on the basis of unlawful discrimination." 775 ILL. COMP. STAT. 5/2-102(A). "Unlawful discrimination" includes "discrimination against a person because of his . . . handicap." 775 ILL. COMP. STAT. 5/1-103(Q). Thus, we have no jurisdiction over plaintiff's IIED claim if it is based on Kay's alleged discrimination against him because of his disability.

If, however, the IIED claim is premised solely on Kay's refusal to provide plaintiff medical leave, it escapes preemption. As Kay concedes, refusal to provide medical leave is not conduct within the scope of the IHRA. (See Def.'s Mem. Supp. Mot. Dismiss at 6 n.3.) Thus, an IIED claim based on such conduct would be preempted only if it were so "inextricably linked" to the disability discrimination claim that there was no independent basis for it. Maksimovic v. Tsogalis, 687 N.E.2d 21, 23 (Ill. 1997). It is not. Whether Kay was justified in terminating plaintiff and whether it was justified in refusing to provide him medical leave are two distinct questions. Because the medical leave IIED claim could exist even in the absence of the disability discrimination claim, it is not preempted by the IHRA.

The fact that the claim is not preempted does not, however, mean that it is viable. To state a viable IIED claim, plaintiff must allege that: (1) Kay's conduct was extreme and outrageous; (2) Kay intended to cause plaintiff severe emotional distress or knew that such distress was substantially certain to result; and (3) plaintiff did, indeed, suffer extreme emotional distress. Public Fin. Corp. v. Davis, 360 N.E.2d 765, 767 (Ill. 1976). Moreover, the first and last elements are satisfied only if the challenged conduct "go[es] beyond all possible bounds of decency" and the resulting distress is "so severe that no reasonable [person] could be expected to endure it." Id. (internal quotation marks and citations omitted); see, e.g., Pavilon v. Kaferly, 561 N.E.2d 1245, 1251-52 (Ill. App. Ct.

1990) (upholding IIED claim asserted against defendant who knew plaintiff was susceptible to emotional distress, repeatedly propositioned her and offered her money for sex, fired her when she refused his advances, threatened to kill and rape her, harassed her family and psychotherapist, threatened to challenge custody of her child, and harassed her new employer with letters, phone calls and spurious complaints to government officials). Kay's alleged failure to provide plaintiff medical leave does not rise to the level of outrageousness required to state an IIED claim.

### Conclusion

For the reasons stated above, Kay's motion to dismiss is granted. Plaintiff's intentional infliction of emotional distress claim grounded in disability discrimination, which is preempted by the IHRA, is dismissed for lack of jurisdiction. The remaining claims are dismissed with leave to amend. Plaintiff has twenty-one days from the date of this Memorandum Opinion and Order to file an amended complaint, if he can do so and remain in compliance with Rule 11.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

**DATED:** JUL 9 2004